# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM CASTANARES VIRAY, Plaintiff, v. MOE BEDOLLA, et al., Defendants. | Case No. 18-cv-04900-BLF<br><br>**ORDER DENYING IN PART AND GRANTING IN PART THE UNITED STATES' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 5] |

On July 6, 2018, Plaintiff William Viray ("Plaintiff"), proceeding *pro se*, filed an action in Small Claims Court in Alameda County Superior Court against Defendants Moe Bedolla, Aftim Amin Saba, Stanley Halfacre, Eric Thomas, James Kim, Laurie Duarte, Tina Balcazar, Izamary Zamora, and John L/N/U (collectively, "Defendants"). *See* ECF 1, Exhs. A & B (collectively, "Compl."). The United States then removed the action to federal court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1442(a)(1) because this is a tort action against an officer or employee of a federal agency (namely, the United States Postal Service). *See* Not. of Removal, ECF 1, ¶ 5. The United States also substituted itself as Defendant under 28 U.S.C. § 2679(d) for all Defendants except Moe Bedolla and Stanley Halfacre because the United States has no record of either individual working for the United States Post Office. *Id.* ¶¶ 6–7; Mot., ECF 5, at 2 n.1.

Presently before the Court is the United States' motion to dismiss the complaint. ECF 5. The United States brings this motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The United States also notes that it has not been served as required under Fed. R. Civ. P. 4(i), and that it has no evidence that any defendant has been properly served. *See* Mot. at 2 n.1; Cormier Decl., ECF 5-1, ¶ 4; *see*

*also* Not. of Removal ¶ 3. The Court construes this argument to constitute a motion to dismiss under Rule 12(b)(5) for insufficient service of process. Plaintiff filed a letter in response, stating that he wished to oppose the motion to dismiss. *See* ECF 6. The Court construes this letter to be Plaintiff's opposition. Pursuant to Civil L.R. 7-1(b), the Court finds Defendant's motion to dismiss suitable for submission without oral argument and hereby VACATES the hearing scheduled for November 29, 2018. The Case Management Conference scheduled for November 29, 2018 is also VACATED, and the Court will separately issue a scheduling order.

For the reasons set forth herein, the Court DENIES IN PART AND GRANTS IN PART Defendant's motion to dismiss the complaint WITH LEAVE TO AMEND.

**I. LEGAL STANDARD**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). Under Federal Rule of Civil Procedure 8(c), res judicata may be raised as an affirmative defense in response to a pleading. To establish the defense of res judicata, a party must prove three elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) [identity or] privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077

(9th Cir. 2003); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971). Although res judicata is a defense, a party may assert it in a motion to dismiss where "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

Like res judicata, a statute-of-limitations assertion is an affirmative defense. However, a defendant may still raise a motion to dismiss based on this defense if the running of the limitations period is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

## II. DISCUSSION

The United States moves to dismiss the complaint on five grounds: (1) Plaintiff's claims are barred by res judicata; (2) Plaintiff's complaint fails to comply with the pleading standards of Fed. R. Civ. P. 8; (3) this Court lacks subject matter jurisdiction to hear Plaintiff's tort claim under the FTCA; (4) the claims are barred by any applicable statute of limitations because the underlying incidents are alleged to have occurred in August 2009; and (5) Plaintiff has not properly served Defendants or the United States. *See* ECF 5. The Court discusses each ground in turn.

### A. Res Judicata

The United States argues that Plaintiff's action is barred by res judicata because this case is "substantively analogous" to a previous action brought by Plaintiff against the United States Postal Service ("USPS"), which this Court dismissed with prejudice. *See Viray v. United States Postal Service* (*Viray I*), No. 18-cv-99-BLF, Order on Mot. to Dismiss, ECF 36 (Apr. 25, 2018).[1]

In addition to numerous claims, the *Viray I* Amended Complaint raised allegations relating

---

[1] After the present action was removed to federal court, the United States moved to relate this action to the previously dismissed *Viray I* action. *See Viray I*, No. 18-cv-99-BLF, ECF 42. This Court granted the motion to relate on August 27, 2018. *See Viray I*, No. 18-cv-99-BLF, ECF 43.

1 to stolen signatures, the death of Plaintiff's grandmother, appropriation of "unconsented forms," lost wages, loss of consortium, and defamation. *See* ECF 5-2, Ex. C at 1–3. The Complaint mentioned the time period of August 2009. *Id.* Plaintiff also alleged that several of the Defendants here had committed various torts against him, though he did not name them as defendants in that action.

The United States argues that res judicata's three requirements are met here because there is identity of the claims, a final decision on the merits of those claims, and identity of the parties. The Court disagrees. Even assuming the first two requirements are met, the United States has not adequately shown identity of the parties—namely identity between the USPS and any defendant. In support of its argument, the United States claims that privity exists because each of the Defendants was once an employee of the USPS and were each mentioned in the *Viray I* Complaint. *See* Mot. at 7. But the United States does not cite any specific cases to support these arguments. As the United States recognizes, the privity inquiry is fact-intensive, *see id.* at 6, and thus requires this Court to consider whether other courts have found similar relationships as the one at issue here to be in privity. Because the United States points to no such cases, the Court must hold that res judicata does not bar this action.

### B. Notice Pleading

The United States next argues that Plaintiff's complaint does not provide sufficient notice under Fed. R. Civ. P. 8. That Rule requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement "gives the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original).

The Court agrees with the United States that the complaint fails to meet those requirements here. The only discernible allegation in the complaint states that Defendant "los[t] wages" and "consortium and other expenses" worth over $10,000 and seeks punitive damages, for an event that occurred in August 2009, or perhaps August 2009 to the present. Compl. at 2. Nowhere in this allegation does Plaintiff provide sufficient information for Defendants to have fair notice of

the nature of Plaintiff's claims under Rule 8(a). For this reason, the motion to dismiss is GRANTED WITH LEAVE TO AMEND.

### C. Subject Matter Jurisdiction

The United States next argues that this Court lacks subject matter jurisdiction to hear Plaintiff's claim concerning "loss of consortium" because the Federal Tort Claims Act bars suits alleging tort claims against the government "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). If the plaintiff does not meet this requirement, the claims must be dismissed for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Court agrees with the United States. Plaintiff's potential tort claim fails because the Complaint provides no allegations demonstrating that Plaintiff properly exhausted the necessary administrative avenues within two years of his claim accruing. *See* Mot. at 8. The Complaint contains no allegations that Plaintiff presented these issues to an appropriate federal agency, much less that he did so within two years of the claim accruing, which seemingly occurred in August 2009. Thus, the Court does not have subject matter over Plaintiff's tort claim as alleged.

### D. Statute of Limitations

As to the United States' statute of limitations defense, the Court cannot reach this argument because Plaintiff does not provide sufficient notice of his claims. As such, the Court cannot determine whether they are barred by any applicable statute of limitations.

### E. Service on Defendants

Finally, the United States argues the complaint must be dismissed because neither it nor Defendants have been properly served. *See* Mot. at 2 n.1; Cormier Decl., ECF 5-1, ¶ 4; *see also* Not. of Removal ¶ 3. However, under Fed. R. Civ. P. 4(m), Plaintiff has 90 days to serve Defendants after the complaint is filed. In a case removed from state court, this deadline runs from the date of removal. *See* 28 U.S.C. 1448 ("In all cases removed from any State court . . . in which any one or more of the defendants has not been [properly] served . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court"); *accord Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). This

case was removed on August 13, 2018. Plaintiff thus has until November 12, 2018 to properly serve the United States and Defendants. As such, the United States' Motion to Dismiss is DENIED on this basis.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES IN PART AND GRANTS IN PART the United States' Motion to Dismiss. Because leave to amend should be freely given when justice so requires, the Court grants Plaintiff LEAVE TO AMEND. The November 29, 2018 hearing on Defendant's Motion to Dismiss is VACATED.

If Plaintiff wishes to amend his claims, Plaintiff must file an amended complaint **on or before October 1, 2018.** Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiff's claims with prejudice.

**IT IS SO ORDERED.**

Dated: September 4, 2018

BETH LABSON FREEMAN
United States District Judge