# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM CASTANARES VIRAY,<br><br>Plaintiff,<br><br>v.<br><br>MOE BEDOLLA, et al.,<br><br>Defendants. | Case No. 18-cv-04900-BLF<br><br>**ORDER GRANTING DEFENDANT UNITED STATES'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND; VACATING MAY 9, 2019 HEARING**<br><br>[Re: ECF 21] |

Presently before the Court is the United States's motion to dismiss the First Amended Complaint. ECF 21. The United States (or, "Defendant") brings this motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The United States also notes that it has not been served as required under Fed. R. Civ. P. 4(i), and that it has no evidence that any defendant has been properly served. *See* Mot. at 2 n.1; Cormier Decl., ECF 21-1, ¶ 3; *see also* Not. of Removal ¶ 3. On November 13, 2018, Plaintiff emailed the United States a letter entitled "Request to cancel motion to dismiss," which is nearly identical to his First Amended Complaint. He did not file an opposition with the Court. *See* ECF 23. The Court will not consider this document because it was not properly filed with the Court. Pursuant to Civil L.R. 7-1(b), the Court finds Defendant's motion to dismiss suitable for submission without oral argument and hereby VACATES the hearing scheduled for May 9, 2019.

For the reasons set forth herein, the Court GRANTS Defendant's motion to dismiss the complaint WITHOUT LEAVE TO AMEND.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

As explained in this Court's prior order granting Defendant's motion to dismiss with leave to amend, on July 6, 2018, Plaintiff William Viray ("Plaintiff"), proceeding *pro se*, filed an action

1   in Small Claims Court in Alameda County Superior Court against Defendants Moe Bedolla, Aftim
2   Amin Saba, Stanley Halfacre, Eric Thomas, James Kim, Laurie Duarte, Tina Balcazar, Izamary
3   Zamora, and John L/N/U. *See* ECF 1, Exhs. A & B; ECF 17 ("Prior Order"). The United States
4   then removed the action to federal court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §
5   2679(d)(2) and 28 U.S.C. § 1442(a)(1) because this is a tort action against an officer or employee
6   of a federal agency (namely, the United States Postal Service). *See* Not. of Removal, ECF 1, ¶ 5.
7   The United States also substituted itself as Defendant under 28 U.S.C. § 2679(d) for all
8   Defendants except Moe Bedolla and Stanley Halfacre, because the United States has no record of
9   either individual working for the United States Post Office, and Defendant Laurie Duarte, because
10  she never worked in the same station as Plaintiff. *Id.* ¶¶ 6–7; Mot., ECF 21, at 2 n.1. The United
11  States also seemingly does not defend Defendant John L/N/U.

12  On August 20, 2018, The United States filed a motion to dismiss the complaint, which this
13  Court granted with leave to amend on September 4, 2018 and non-substantively amended on
14  October 9, 2018. *See* ECF 11, 17. In its Prior Order, the Court held, in relevant part, that
15  Plaintiff's complaint did not provide sufficient notice of Plaintiff's claims under Federal Rule of
16  Civil Procedure 8 because it did not contain allegations providing notice of either Plaintiff's
17  claims or the relevant time period. *See* Prior Order at 5. The Court also held that any of Plaintiff's
18  claims sounding in tort should be dismissed because Plaintiff had not alleged compliance with the
19  Federal Tort Claims Act. *Id.* The Court declined to reach the Defendant's statute of limitations
20  argument because it could not discern what Plaintiff's claims were, and thus what the applicable
21  statutes of limitations were. *Id.*

22  On October 12, 2018, Plaintiff filed a letter requesting to cancel the motion to dismiss. *See*
23  ECF 18 ("FAC").[1] On October 16, 2018, the Court construed this letter to be Plaintiff's First
24  Amended Complaint ("FAC"). The FAC is much more detailed than Plaintiff's original
25  complaint, though not much more coherent. In it, he alleges that this is an "unlimited criminal
26  case" and a "murder case" because his grandmother has died, and that Defendants should go to

---

[1] Plaintiff filed two seemingly identical letters on October 24 and 25, 2018. *See* ECF 20, 22.

prison. *Id.* at 1, 3. He discusses an incident that occurred in August of 2009 that he describes as a "hostile environment," where "everybody [was] being rude to [him]" and management and other employees began to undermine his performance. He alleges that his manager, Defendant Zamora, told him to quit, which he did, but she violated policy in doing so, and that a manager suggested he call the EEOC, which he did, but he never spoke to the Commission staff. *See id.* at 2. He also alleges that Defendant Halfacre retaliated against him, and that Defendant Zamora forced him to see the USPS doctor, Defendant Saba, by potentially threatening to "beat [him] up with a stick." *Id.* Defendant Saba allegedly threatened Plaintiff into signing a contract and stole some forms that belonged to Plaintiff. He also seems to indicate his employment ended in 2009. *See id.* at 1, 2. He appears to blame Defendants for a car accident he suffered in 2015 and the injuries that resulted. *Id.* He seeks recompense for his inability to get work, his increased tax bills, and his lowered credit score since his resignation from the USPS. *See id.* at 2. He also mentions a claim for violations of privacy. *See id.* at 3.

The United States moved to dismiss on October 30, 2018. Plaintiff did not file an Opposition.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction, and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. U.S. Dep't of Treasury*, 764 F. Supp. 2d 1178, 1184 (N.D. Cal. 2011). As courts of limited jurisdiction, a federal district court is obligated to dismiss a case when it lacks subject matter jurisdiction over the claims alleged. Fed. R. Civ. P. 12(b)(1).

An attack on the Court's jurisdiction can take a facial or factual form. *See, e.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge, as is the case here, is an assertion that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*; *see also Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, 944 F. Supp. 2d 799, 803 (N.D. Cal. 2013) (comparing a facial attack with a factual attack, the latter of which "disputes the truth of the allegations that, by themselves, would

3

otherwise invoke federal jurisdiction"). In light of a facial challenge, the Court assumes Plaintiff's allegations themselves to be true, and draws all reasonable inferences in Plaintiff's favor. *See, e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

### B. Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although a statute-of-limitations assertion is an affirmative defense, a defendant may still raise a motion to dismiss based on the defense if the running of the limitations period is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (stating that, "[i]f the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

### III. DISCUSSION

In its motion to dismiss, the United State makes three arguments: (1) the Court does not

4

have jurisdiction to hear Plaintiff's tort claims because Plaintiff does not allege he complied with the Federal Tort Claims Act, 28 U.S.C. § 2679(b) by alleging he exhausted the administrative claims procedures; (2) any relevant statute of limitations have expired; and (3) Plaintiff lacks standing to bring criminal claims against Defendants. *See generally* Mot.

The Court agrees on all fronts. First, as set forth in the Prior Order, to bring a tort claim, Plaintiff must allege he complied with the Federal Tort Claims Act. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). He did not add any such allegations, so his tort claims must be dismissed.

Similarly, Plaintiff's claims, as alleged, are barred by the applicable statutes of limitations. All of the incidents at issue occurred in 2009. To the extent that Plaintiff is asserting a claim for a hostile work environment, the claim is time barred. In order to allege employment discrimination, Plaintiff was required to initiate contact with a counselor from the EEOC "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). In other words, Plaintiff did not exhaust his administrative remedies, and concedes that, though he called the EEOC, he never spoke with staff there. FAC at 2. On the face of the pleading, Plaintiff alleges that he resigned from the USPS in 2009 and that he did not comply with the EEO requirements, and thus he cannot bring employment discrimination claims in federal court. Likewise, to the extent Plaintiff can be said to assert a claim of assault, a civil action for assault must be filed within two years of the alleged incident. *See* Cal. Code Civ. P. § 335.1.[2]

Finally, private citizens cannot file criminal charges. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office.

---

[2] In fact, the Court cannot conceive of any claim arising from Plaintiff's allegations with a statute of limitations that would extend beyond eight years. Breach of contract claims are subject to a four-year (written) or two-year (oral) statute of limitations. Cal. Code Civ. P. §§ 337, 339. Injury to personal property has a three-year statute of limitations under California law. Cal. Code Civ. P. § 338(b), (c). Not only did these statutes of limitations expire with respect to the August 2009 incident prior to the filing of this action in July 2018, but Plaintiff's pleading does not provide factual support for any of these claims.

*See, e.g.*, *Harbor v. Kim*, No. ED CV 16-01906-GW-KS, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). Accordingly, Plaintiff's allegations painting this as a criminal case are an improper attempt to prosecute Defendants for criminal, rather than civil, liability. *See* FAC at 1, 3.

For the foregoing reasons, Defendant's motion to dismiss this action is GRANTED WITHOUT LEAVE TO AMEND. Plaintiff's claims are barred by the Federal Tort Claims Act and the relevant statutes of limitations under any conceivable theory. Moreover, his allegations fail to comply with Rule 8's notice pleading requirements and he fails to state a plausible claim against Defendants under *Twombly* and *Iqbal*.

Although leave to amend should be freely given, the Court is not required to grant leave to amend if the Court determines that permitting amendment would be an exercise in futility. *See, Enriquez v. Aurora Loan Servs., LLC*, 509 F. App'x 607, 608 (9th Cir. 2013); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). Despite the Court's Prior Order directing Plaintiff to cure the statute of limitations and factual pleading issues, the FAC does not cure the identified deficiencies. Plaintiff has also provided no indication that leave to amend would not be futile. Because the Court has previously afforded Plaintiff leave to amend, and further amendment "would be an exercise in futility" as well as prejudicial to Defendants, Plaintiff's claims against Defendants Aftim Amin Saba, Tina Balcazar, James Kim, Eric Thomas, and Izamary Zamora are DISMISSED WITH PREJUDICE.

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the Amended Complaint is GRANTED WITHOUT LEAVE TO AMEND.

2. The hearing scheduled for May 9, 2019 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: November 30, 2018

_____
BETH LABSON FREEMAN
United States District Judge